**Lenny Lewis THOMPSON,
Plaintiff—Appellant,**

v.

**UNIVERSITY OF CALIFORNIA
REGENTS; et al., Defendants—
Appellees.**

No. 02–56691.

D.C. No. CV–00–01009–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before RYMER, THOMAS, and
SILVERMAN, Circuit Judges.

MEMORANDUM**

Lenny Lewis Thompson appeals the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging that his Fourth and Fourteenth Amendment rights were violated when University of California police officers stopped and arrested him on suspicion of driving under the influence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment on the ground of qualified immunity. *Jackson v. City of Bremerton,* 268 F.3d 646, 650 (9th Cir.2001). We affirm in part, reverse in part, and remand.

The district court erred in granting summary judgment on the basis of qualified immunity on Thompson's claim that the initial stop violated his constitutional rights. It is clearly established that a stop not based on "reasonable suspicion" is a violation of the Fourth Amendment. *See Bingham v. City of Manhattan Beach,* 329 F.3d 723, 728–731 (9th Cir.2003). Thompson raised a material issue of fact as to whether there was reasonable suspicion, and his right not to be stopped absent reasonable suspicion was clearly established. Accordingly, Officer Cresap was not entitled to qualified immunity. *See id.* at 730–31.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court properly granted summary judgment on Thompson's remaining claims because the undisputed facts show that, once Officer Cresap stopped Thompson, he had probable cause to make an arrest, *see Atwater v. City of Lago Vista*, 532 U.S. 318, 354–55, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001), and Thompson failed to present sufficient evidence that Officer Cresap used excessive or unreasonable force in effecting the arrest, *see Jackson*, 268 F.3d at 651–53.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.